UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OLMAN GERARDO VILLANUEVA ORELLANA,

*Petitioner*,

v. Case No. 3:26-cv-2870-JEP-LLL

WARDEN, BAKER CORRECTIONAL INSTITUTE, et al.,

*Respondents*.
_______________________________/

**ORDER**

Petitioner, a citizen of Honduras who was paroled into the United States on January 1, 2025, is currently detained by the United States Immigration and Customs Enforcement. (Doc. 1 at 2). Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to provide him with a bond hearing or, alternatively, release him. (*Id.* at 13). He argues his continued detention without an individualized custody determination violates the Immigration and Nationality Act ("INA"). (*Id.* at 9–11).

This Court has addressed claims and arguments similar to those raised in this case and has concluded it is bound by the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir.

2026).[1] *See, e.g.*, *Sanchez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-2242-JEP-SJH, 2026 WL 2794856 (M.D. Fla. Sept. 17, 2026); *Rahmani v. Warden, Baker Cnty. Facility*, No. 3:26-CV-1685-JEP-LLL, 2026 WL 2162799 (M.D. Fla. July 28, 2026); *Martinez-Gil v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-1642-JEP-SJH, 2026 WL 2130714 (M.D. Fla. July 24, 2026); *Padilla v. Mullin*, No. 3:26-CV-1572-JEP-MCR, 2026 WL 2103604 (M.D. Fla. July 22, 2026).[2] For the same reasons expressed in this Court's prior cases, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention without an individualized bond hearing violates the

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] The Federal Respondents' reliance on *Jean v. Nelson*, 727 F.2d 957 (11th Cir. 1984) (en banc) and *Benitez v. Wallis*, 337 F.3d 1289 (11th Cir. 2003) is not persuasive because those pre-*Hernandez Alvarez* decisions did not address the mandatory detention of aliens apprehended in the interior post-termination of parole. (*See* Doc. 5 at 5–6). Instead, *Jean* discussed the "entry-fiction" doctrine in the context of whether the plaintiffs, a class of Haitian detainees, could challenge the government's refusal to grant them parole on equal protection grounds. *See* 727 F.2d at 961–62. And *Benitez* analyzed whether non-admitted parolees have constitutional or statutory rights that preclude indefinite detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* 337 F.3d at 1296–1301.

INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[4] or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's request to be dismissed from this action as an improper respondent (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

---

[3] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[4] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

**DONE AND ORDERED** in Jacksonville, Florida, on November 13, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record